IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,032-01






EX PARTE FRANK GONZALES HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4024-A IN THE 31ST DISTRICT COURT


FROM WHEELER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to 99 years' imprisonment. The Seventh Court of Appeals
affirmed his conviction. Hernandez v. State, No. 07-04-0034-CR (Tex. App.- Amarillo, delivered
November 2, 2004, pet. ref'd.) 

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
he advised Applicant prior to trial and up until the punishment phase that the sentencing range for
the charged offense was 5 to 99 years or life, when in fact the applicable punishment range was 10
to 99 years or life. Applicant alleges that this erroneous advice caused Applicant to reject the State's
ten-year plea offer because he thought he could get a lower sentence by going to trial. Applicant
alleges that had he been informed of the correct sentencing range, he would have accepted the State's
ten-year offer.

 Applicant also alleges that counsel was ineffective for telling the jury during the guilt phase
that "the main issue is punishment." Applicant contends that counsel's statement constituted an
admission of his client's guilt, and was unprofessional in light of Applicant's plea of not guilty.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether defense counsel informed Applicant
incorrectly about the applicable sentencing range for the charged offense. The court shall also make
findings as to whether the State made a ten-year plea offer, and whether that offer was communicated
to Applicant. The court shall make findings as to whether there is evidence in the habeas record to
support Applicant's claim that he would have accepted the State's ten-year offer, had he been aware
that ten years was the minimum sentence for the charged offense. 

 The trial court shall also make findings as to whether counsel told the jury during the guilt
phase of trial that "the main issue" was punishment. If counsel did make this statement the trial
court shall supplement the record with any portion of the transcript which might show the context
of counsel's statement. The trial court shall make findings as to whether counsel's statement, if he
did make it during the guilt phase, constituted deficient performance and caused prejudice in light
of Applicant's plea of not guilty. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 20, 2006

Do not publish